WHEELER v. EATMAN.

Opinion delivered November 4, 1899.

EXEMPTION—PROCEEDS OF SALE OF LAND.—The fact that land sold by a debtor did not constitute his homestead did not deprive him of the right to hold the purchase money received therefor exempt from garnishment as personal property. (Page 135.)

Appeal from Ashley Chancery Court.

JAS. F. ROBINSON, Chancellor.

*Geo. W. Norman*, for appellant.

The sale of the homestead and the appellants' accompanying acts constituted an abandonment. 48 Ark. 543; 9 Am. & Eng. Enc. Law, 436; 4 Cal. 273; 39 Ill. 86; 43 Ill. 174; *id* 231; 54 Ill. 175. The proceeds of the sale were liable to appellants' claim. 60 Ark. 264; 65 Ala. 439; 61 Ia. 160; 65 Ia. 533; 24 Ia. 76; 62 Miss. 354. The intention to return to the homestead, in order to preserve the right, must be found at the time of renewal. 75 Mo. 559.

*Wells & Williamson*, and *W. A. Roby*, for appellees.

Abandonment is a question of intention. 55 Ark. 55; 48 Ark. 543; 22 Ark. 400; 37 Ark. 283; 41 Ark. 30; Thomp. Hom. & Ex. § 263; 7 S. W. 549. As to exempt property, creditors have no rights. 52 Ark. 247; 54 Ark. 193; 57 Ark. 331. As to general exemption rights in this state, see: Sand. & H. Dig., § 3716; 46 Ark. 159. Choses in action may be selected as exempt. 31 Ark. 652; 42 Ark. 410. There being evidence to support it, the finding of the chancellor as to abandonment will be upheld. 55 Ark. 58; 48 Ark. 543, 544.

*Geo. W. Norman*, for appellant, in reply.

A chancellor's finding is not conclusive, and will be set aside if against the preponderance of the evidence. 41 Ark.

292; 42 Ark. 521; 15 Ark. 209; 23 Ark. 341; 43 Ark, 307; 50 Ark. 185; 55 Ark. 112.

BATTLE, J.   On the first day of January, 1896, the clerk of the Ashley circuit court issued a writ of garnishment, in which he recited that W. G. Wheeler, on the 15th of August, 1883, recovered a judgment against L. S. Eatman and W. P. Sherford for $380.15, and commanded the sheriff, to whom it was directed, to summon E. E. Smith to appear before the Ashley circuit court, on the first day of its January term, 1896, then and there to answer what goods, chattels, moneys, credits or effects he had in his hands or possession belonging to L. S. Eatman to satisfy said judgment.   Wheeler alleged that E. E. Smith was, on and after the date of the service of the writ of garnishment, indebted to L. S. Eatman in the sum of $300. Smith answered, saying that he had contracted with Eatman for a certain tract of land, and agreed to pay to him for the same the sum of $300, $150 of which was to be paid on the 15th of December, 1895, and the remainder on the 15th of December, 1896, and that he was ready to pay these sums when Eatman conveyed to him the land.   Eatman thereupon appeared, and filed a schedule, in which he alleged that he was then and at the date of the writ of garnishment a married man and the head of a family, and a citizen and resident of this state, that the land sold to Smith was, at the time of sale, his homestead, and that he sold it for the purpose of buying another homestead with the proceeds of the sale; and filed a list of all his personal property, including the $300; alleged that all of it was of the value of $356; and claimed the $300 as a part of his exemptions.   In response to the schedule, Wheeler stated that Eatman was not entitled to hold the $300 as a part of his exemption, because the land which he sold to Smith was sold under an execution in his favor against Eatman, and was purchased by Smith, and Eatman did not at that time claim it as a homestead, and had abandoned it as a homestead long before it was levied upon to satisfy the execution.   There was no controversy as to the personal property owned by Eatman, and it was not denied that he was a married man, and a citizen and resident of this state.   The only controversy was as to the land

being the homestead of Eatman. The court, upon the evidence adduced by both parties, found that it was, and that Eatman was entitled to the proceeds of the sale to Smith, and dismissed the garnishment; and Wheeler appealed.

Eatman was entitled to hold the $300, which Smith agreed to pay him for the land, as a part of his exemption. It was personal property. The fact that the land which was sold for it did not constitute his homestead at any time did not deprive him of the right to hold it as exempt from garnishment. If the land was subject to execution, Wheeler had his remedy against it. That did not entitle him to the proceeds of the sale by Eatman to Smith. The finding of the court that the land was the homestead of the defendant was unnecessary.

The judgment of the circuit court, for the reasons given, is affirmed, without prejudice to Wheeler in respect to his remedies against the land.